**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| KRISTINA RAINES; DARRICK FIGG, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs-Appellants*,<br><br>v.<br><br>U.S. HEALTHWORKS MEDICAL GROUP, a corporation; SELECT MEDICAL HOLDINGS CORPORATION, a corporation; CONCENTRA GROUP HOLDINGS LLC, a corporation; U.S. HEALTHWORKS, INC., a corporation; SELECT MEDICAL CORPORATION, a corporation; CONCENTRA, INC., a corporation; CONCENTRA PRIMARY CARE OF CALIFORNIA, a medical corporation; OCCUPATIONAL HEALTH CENTERS OF CALIFORNIA, a medical corporation; DOES 4 and 8 through 10, inclusive,<br><br>*Defendants-Appellees*. | No. 21-55229<br><br>D.C. No. 3:19-cv-01539-DMS-DEB<br><br>ORDER CERTIFYING QUESTION TO THE SUPREME COURT OF CALIFORNIA |

Filed March 16, 2022

Before:  Johnnie B. Rawlinson and Paul J. Watford, Circuit Judges, and Jed S. Rakoff,[*] District Judge.

Order

## SUMMARY[**]

### California Law

The panel certified to the Supreme Court of California the following question:

> Does California's Fair Employment and Housing Act, which defines "employer" to include "any person acting as an agent of an employer," Cal. Gov't Code § 12926(d), permit a business entity acting as an agent of an employer to be held directly liable for employment discrimination?

---

[*] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**ORDER**

We respectfully ask the Supreme Court of California to exercise its discretion to decide the certified question set forth in section II of this order.

## I.  Administrative Information

We provide the following information in accordance with California Rule of Court 8.548(b)(1).  The caption of this case is:

No.  21-55229

KRISTINA RAINES; DARRICK FIGG, individually and on behalf of all others similarly situated, Plaintiffs-Appellants,

v.

U.S. HEALTHWORKS MEDICAL GROUP, a corporation; SELECT MEDICAL HOLDINGS CORPORATION, a corporation; CONCENTRA GROUP HOLDINGS LLC, a corporation; U.S. HEALTHWORKS, INC., a corporation; SELECT MEDICAL CORPORATION, a corporation; CONCENTRA, INC., a corporation; CONCENTRA PRIMARY CARE OF CALIFORNIA, a medical corporation; OCCUPATIONAL HEALTH CENTERS OF CALIFORNIA, a medical corporation; DOES 4 and 8 through 10, inclusive, Defendants-Appellees.

The names and addresses of counsel for the parties are:

> For Plaintiffs-Appellants Kristina Raines and Darrick Figg, individually and on behalf of all others similarly situated: Nicholas A. Carlin, R. Scott Erlewine, Kyle P. O'Malley, and Leah Romm, Phillips, Erlewine, Given & Carlin, LLP, 39 Mesa Street, Suite 201, San Francisco, California 94129.
>
> For Defendants-Appellees U.S. Healthworks Medical Group, Select Medical Holdings Corporation, Concentra Group Holdings LLC, U.S. Healthworks, Inc., Select Medical Corporation, Concentra, Inc., Concentra Primary Care of California, and Occupational Health Centers of California: Raymond A. Cardozo, Reed Smith, LLP, 101 2nd Street, Suite 1800, San Francisco, CA 94105; Cameron O'Brien Flynn and Timothy L. Johnson, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 4370 La Jolla Village Drive, Suite 990, San Diego, California 92122.
>
> For Defendants-Appellees Does 4 and 8 through 10, inclusive: Raymond A. Cardozo, Reed Smith, LLP, 101 2nd Street, Suite 1800, San Francisco, California 94105.

We designate Kristina Raines and Darrick Figg as the petitioners if our request for certification is granted. They are the appellants before our court.

## II.  Certified Question

We certify to the Supreme Court of California the following question of state law:

> Does California's Fair Employment and Housing Act, which defines "employer" to include "any person acting as an agent of an employer," Cal. Gov't Code § 12926(d), permit a business entity acting as an agent of an employer to be held directly liable for employment discrimination?

We certify this question pursuant to California Rule of Court 8.548.  The answer to this question may determine the outcome of the appeal currently pending in our court.  We will accept and follow the decision of the California Supreme Court on this question.  Our phrasing of the question should not restrict the California Supreme Court's consideration of the issues involved.

## III.  Statement of Facts

Plaintiffs in this case represent themselves and a putative class of current and former job applicants.  They seek to hold defendants, providers of pre-employment medical screenings, liable for asking allegedly invasive and impermissible questions during medical screening exams.  The crucial question of state law is whether the Fair Employment and Housing Act (FEHA) allows employees to hold a business entity directly liable for unlawful conduct when the business entity acted only as the agent of an employer, rather than as an employer itself.

It is generally illegal under California law for an employer (1) to require "any medical or psychological

examination . . . [or] inquiry of an applicant," (2) to make "any inquiry whether an applicant has a mental disability or physical disability or medical condition," or (3) to make "any inquiry regarding the nature or severity of a physical disability, mental disability, or medical condition." Cal. Gov't Code § 12940(e)(1). Employers may, however, require applicants to undergo medical or psychological examinations and make related inquiries after an employment offer has been made, provided that the examination or inquiry is "job related and consistent with business necessity." *Id.* § 12940(e)(3).

Plaintiffs allege that they received job offers from employers that were conditioned on successful completion of a pre-employment medical screening. Defendants, who collectively are the largest providers of occupational health services in California, conducted these screenings on behalf of employers in the State. Plaintiffs allege that they were required by their employers to use defendants' facilities and services, and that defendants' recommendations regarding an applicant's suitability for the position were adopted as a matter of course.

The crux of plaintiffs' complaint is that defendants, while conducting the screening exams on behalf of plaintiffs' prospective employers, asked questions that violated FEHA. Specifically, plaintiffs allege that defendants required applicants to complete a written questionnaire that asked numerous health-focused and non-job-related questions, including whether the applicant has or ever had: venereal disease; painful or irregular vaginal discharge or pain; problems with menstrual periods; irregular menstrual periods; penile discharge, prostate problems, or genital pain or masses; cancer; mental illness; HIV; permanent disabilities; painful or frequent urination; hair loss; hemorrhoids; diarrhea; black stool; constipation;

tumors; an organ transplant; a stroke; or a history of tobacco or alcohol use. Defendants also asked whether job applicants were pregnant, asked about all medications they were taking, and required that they reveal information about prior on-the-job injuries or illnesses. Positive responses on the questionnaire were then followed by additional verbal questioning.

The two named plaintiffs in this case, Kristina Raines and Darrick Figg, both underwent this medical screening exam after receiving job offers from prospective employers. Raines received a job offer from Front Porch Communities and Services, a company that provides housing and services to California residents, to work as a food service aide. The offer was conditioned upon Raines's passing a pre-employment medical screening exam administered by defendants. Raines alleges that she answered all questions on the written questionnaire and during the verbal follow-up, except for the question about the date of her last menstrual period. The exam was terminated after Raines repeatedly declined to answer the question, and her job offer was subsequently revoked by Front Porch.

Figg received a job offer from the San Ramon Valley Fire Protection District to serve as a member of the Volunteer Communication Reserve. Figg's offer was also conditioned on his passing a pre-employment medical screening exam administered by defendants. Figg, unlike Raines, answered all questions, although he allegedly found many of them to be inappropriate, intrusive, and inapplicable. He was subsequently deemed medically acceptable and officially hired for the position.

After her job offer was revoked, Raines filed an individual action against Front Porch and a subset of the defendants in California state court. She subsequently filed

a first amended complaint adding claims on behalf of a class of similarly situated job applicants, which allowed defendants to remove the suit to federal court under the Class Action Fairness Act, 28 U.S.C. § 1332(d). Following removal, Raines settled with Front Porch and filed a second amended complaint that added Figg as a plaintiff and additional occupational health care providers as defendants. Defendants filed a motion to dismiss the action under Federal Rule of Civil Procedure 12(b)(6), which the district court granted with leave to amend. Plaintiffs then filed the operative third amended complaint. That complaint alleges claims for violations of FEHA, the Unruh Civil Rights Act, and California's Unfair Competition Law (UCL), as well as a common law claim for intrusion upon seclusion.

Defendants again moved to dismiss the third amended complaint for failure to state a claim. The district court granted the motion without leave to amend as to plaintiffs' FEHA, Unruh Act, and intrusion-upon-seclusion claims. As to the FEHA claim, the district court held that plaintiffs had adequately alleged that defendants were the agents of prospective employers, but the court determined that FEHA does not impose direct liability on agents. After dismissing their UCL claim with prejudice, plaintiffs timely appealed to this court. The State of California and a group of organizations experienced with disability discrimination filed amicus briefs in support of plaintiffs, and we held oral argument in this case on January 12, 2022.

## IV. Explanation of Certification Request

Whether FEHA's definition of the term "employer" includes a business entity acting as an employer's agent is an unresolved question of California law with significant public policy implications. California has millions of employees who could be impacted by a decision defining the

scope of liability for business entities acting as agents of their employers.  To protect employees, FEHA instructs courts to construe its provisions "liberally" in accordance with its broad remedial purposes, Cal. Gov't Code § 12993(a), but it is unclear whether the Legislature intended FEHA's definition of "employer" to create direct liability for business entities acting only as agents of an employer.

FEHA's plain language bars discrimination, including the asking of certain non-job-related questions, by "any employer."  *Id.* § 12940(e).  Elsewhere in the statute, "employer" is defined to include "any person regularly employing five or more persons, or any person *acting as an agent of an employer, directly or indirectly.*"  *Id.* § 12926(d) (emphasis added).  The statute therefore appears to encompass direct liability for any individual or business entity acting as an agent of an employer.  *See id.* § 12925(d) (defining "person" in FEHA to include "one or more individuals, partnerships, associations, corporations, limited liability companies, legal representatives, trustees, trustees in bankruptcy, and receivers or other fiduciaries").

The California Supreme Court, however, has twice limited the reach of the phrase "person acting as an agent of an employer" in FEHA's definition of the term "employer." Both decisions exempt *individuals* acting as agents of an employer from liability, but neither addresses the issue before us.

In *Reno v. Baird*, 18 Cal. 4th 640, 643 (1998), the Court, relying heavily on the reasoning in *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55 (1996), held that individual supervisory employees are not directly liable as agents of their employers for engaging in discriminatory conduct under FEHA.  The *Reno* Court first acknowledged that the "agent" language in FEHA is amenable to more than one

construction. *Reno*, 18 Cal. 4th at 647. The Court then reasoned that several policy concerns—the incongruity between holding individual nonemployers liable while exempting small employers, the need to avoid conflicts of interest and chilling effects in the workplace, and the collective nature of corporate decision-making—all supported construing the statute to exempt individual employees from being held directly liable as agents of their employers when discrimination was alleged. *Id.* at 651–53. The Court emphasized the narrowness of its decision and expressly declined to offer any opinion on "whether the 'agent' language merely incorporates respondeat superior principles or has some other meaning." *Id.* at 658.

Later, in *Jones v. Lodge at Torrey Pines Partnership*, 42 Cal. 4th 1158 (2008), the California Supreme Court, relying in part on the reasoning of *Reno*, held that nonemployer individuals are not liable for retaliation under FEHA. The *Jones* Court held that the same concerns underlying *Reno* applied with equal or greater force when the conduct at issue was retaliation. *Id.* at 1167–68. Again, however, the Court made no mention of liability for business entities acting as agents. Both decisions acknowledged that while the text of FEHA imposes liability on agents of employers, that language is ambiguous and subject to competing interpretations depending on the context.

We are therefore confronted with two potentially plausible interpretations of the phrase "person acting as an agent of an employer" in FEHA. Plaintiffs and their *amici* argue that we should treat *Reno* and *Jones* as narrow exceptions to FEHA's broad language and hold that business entities, such as defendants, are directly liable under the statute even when they act only in their capacity as agents of an employer. In their view, the policy concerns underlying the *Reno* and *Jones* decisions are less relevant when the

defendant is a business entity, and the plain language of the statute should thus control in the absence of compelling evidence to the contrary.  Defendants, on the other hand, argue that *Reno* and *Jones* articulated a definitive limitation on the scope of an agent's liability under FEHA, whether the agent is an individual or a business entity.  They insist that the phrase "person acting as an agent of an employer" is intended simply to incorporate *respondeat superior* principles and to guarantee that employees who are victims of discrimination have some form of recourse.  Defendants also argue that there is no textual basis for drawing a distinction between individual and entity agents, which supports the position that decisions limiting the scope of individual agent liability are equally applicable to entity agents.  Because the California Supreme Court reserved judgment on this issue in *Reno*, and because resolution of this issue will have significant ramifications not only for the litigants in this case but also for employees and employers throughout the State, we certify this question to the California Supreme Court.

## V.  Accompanying Materials

The clerk of this court is hereby directed to file in the Supreme Court of California, under official seal of the United States Court of Appeals for the Ninth Circuit, copies of all relevant briefs and excerpts of the record, and an original and ten copies of this order and request for certification, along with a certification of service on the parties, pursuant to California Rule of Court 8.548(c), (d).

This case is withdrawn from submission.  Further proceedings before us are stayed pending final action by the Supreme Court of California.  The Clerk is directed to administratively close this docket pending further order. The parties shall notify the clerk of this court within seven

days after the Supreme Court of California accepts or rejects certification, and again within seven days if that court accepts certification and subsequently renders an opinion. The panel retains jurisdiction over further proceedings.